## RAISING A PUBLIC ROAD SUBJECT TO OVERFLOW.

Circuit Court of Fairfield County.

JOHN C. HOSHOR V. THE COUNTY COMMISSIONERS OF FAIRFIELD ·COUNTY, OHIO.*

Decided, January Term, 1911.

*Levees—Authority of County Commissioners to Construct—Raising of the Grade of a Public Road to Prevent Overflow—Resulting Injury to Adjacent Property—Injunction Against Does Not Lie, When— Measure of Damages—Sections 6778 and 7483.*

1. The raising of the grade of a public highway which is subject to overflow in times of flood, can not be enjoined by an adjacent property owner on the ground that the road was long ago improved to a definite and fixed grade and no steps have been taken by the county commissioners to appropriate the land which will be damaged thereby or to make compensation to the owner.

2. In such a case the owner of the lands damaged by the improvement has an adequate remedy at law, the damage being complete at the time the improvement is complete and measured by the difference in the value of the lands before the improvement was made and afterward.

*M. A. Daugherty*, for plaintiff:

VOORHEES, J.; TAGGART, J., and POWELL, J., concur.

Appeal from Common Pleas Court of Fairfield County, Ohio. This action is brought by the plaintiff against the county ·commissioners of Fairfield county, Ohio, to enjoin them from making certain improvements upon a public roadway. The object of the suit is to enjoin the county commissioners from making the improvements mentioned and described in his amended peti-·tion.

To the amended petition a general demurrer was filed. The demurrer was sustained and the plaintiff not desiring to further

*Affirmed by the Supreme Court on the reasoning of the opinion of the Circuit Court, 84 Ohio St., p. —.

plead, the petition was dismissed at the cost of plaintiff; an appeal was taken and the cause comes into this court on appeal, and is heard on the demurrer to the amended petition.

It is contended by the plaintiff in support of his amended petition that the improvement contemplated by the commissioners, and which the plaintiff seeks to enjoin, is authorized by the Statute in Volume 101 of Ohio Laws, p. 139, Section 6778, which reads as follows:

"When found to be conducive to the public health, convenience or welfare, the county commisioners may cause to be located, established and constructed as hereinafter provided, a levee within the county, along or near a stream, water-course, lake or body of water, for the protection of land from overflow."

Section 7483 of the General Code provides when county commissioners shall build embankments, etc.:

"When a principal public road in a county, except a turnpike road over which tolls are collected, is subject to overflow or inundation, so as to render it at any time, unfit for public travel, or hinder free and necessary transportation, the commissioners of such county may repair or reconstruct such road by changing the beds of small streams to avoid crossing, changing roads to avoid bridges, when the public travel would be better accommodated, or build an embankment or levee sufficiently elevated above all such overflows or inundations. The expenses of such embankment, changes or levee shall be paid out of the money in the county treasury raised by taxation for road or bridge purposes."

It is under favor of this section of the General Code, Section 7483, that the proposed improvement by the county commissioners of Fairfield county was being made which plaintiff seeks to enjoin in this action. The improvement is upon a public roadway which has been in existence many years; and the improvement proposed was to elevate the roadbed above the high water mark. That is the object and purpose of the proceeding the commissioners had in contemplation in making the improvement mentioned and referred to in the plaintiff's amended petition.

On the other hand it is contended by the plaintiff that the improvement was such a one as is contemplated by Section 6778, 101 Ohio Laws, page 139.

The contention of the plaintiiff is that by making this change or embankment described in the amended petition, it will and does interfere with the flow of the waters of certain natural watercourses described in the petition and by interfering with the natural flow of said waters the lands of the plaintiff are and will be damaged, and to avoid such damage this action was brought to restrain and enjoin the commissioners from further proceeding to carry out their plans and purposes in making the improvement contemplated.

There is no question about the road referred to being a public highway. There is no question from the allegations of the petition that the road is subject to overflow at times of high waters in the streams described in the amended petition.

The contention of the plaintiff is that this public highway for sixty years at least has been improved on a level with the surface of the ground, that it was so laid out and improved; a grade was established and when so laid out and graded, and ever since, it has been subject to overflow, the overflow perhaps ranging from five feet or more in times of freshet.

The claim of the plaintiff is that the road having been thus improved with a definite and fixed grade, the county commissioners, under neither of the sections of the statute of the General Code referred to, would have the right to make this improvement, if by so doing it would do substantial damage to the plaintiff, the owner of the land, without first taking steps to appropriate the land or make provision for due compensation to the owner; and until this is done the plaintiff would have the right to proceed in a court of equity to enjoin the action of the county commissioners.

That seems to be the real controversy in this case, viz., whether this action can be maintained in a court of equity for the purpose of getting relief by injunction, the plaintiff having an adequate remedy at law.

If the action is one for injunction or equitable relief, then this demurrer should be overruled; but if the action is an action at law or one in which damages would afford the plaintiff a complete and adequate remedy then this action could not be maintained as an equitable action for injunction.

Taking the view of the case that the court does—and I wish that the court may be clearly understood in the holding that it makes under the facts alleged in the amended petition, if true— we think the plaintiff would have a right of action for damages, and there is nothing appearing in the petition indicating that such an action would not be an adequate remedy and afford the plaintiff complete relief.

This improvement is in the nature of a permanent improvement, just as much so as the building of an embankment for a railroad. The damage to the plaintiff's lands is complete when the improvement is completed. It is not a case or such an action that the injury could be abated unless the road itself could be vacated and removed.

We recognize the rule that in certain actions where the damage is not complete when the improvement is made and finished, or where the injury can be abated by removing the cause, in such case the rule of damages is different from what it would be in this case; while we do not desire to lay down an inflexible rule now as to the damages, we think it is proper for us to say, that in our judgment the rule of damages in a case like this would be the difference between the value of these lands before the improvement is made and their value afterwards; therefore, we think the rule of damages is certain and easily ascertained.

Then, the question is presented, is it such an action that the plaintiff would have an adequate remedy at law? If the flood waters of these natural water-courses are interfered with by making this improvement upon the road, thereby changing the grade—counsel for the defendants criticises the claim of plaintiff that there was or could be an established grade in this or any public highway. Perhaps it is not an established grade in the sense that an established grade is made in an incorporated vil-

lage or city; but, when a public road is laid out, established, opened and used, we think that is an establishment of a grade of said road, and if it is afterwards changed, or it becomes necessary to change it by raising its bed or lowering it, or making substantial changes in the road, and by reason thereof damage results to an adjacent land owner, he would have a right of action against the commissioners of the county. We do not agree with the contention of counsel that the damages allowed in the establishment of the road originally by the viewers in laying it out contemplates or covers all changes that may be made afterwards in that highway.

In this case when this road was laid out and established, it was on a level with the surface of the land and did not interfere with the flow of the waters of these streams in ordinary flood. There was nothing to interfere with the flow of the waters by reason of the road as established. Therefore, there was no damage resulting from that cause; but in the judgment of the commissioners they had decided that under Section 7483 of the General Code there should be a change made by filling and raising the road bed, or, in other words, a change of the grade of the road. It is a substantial change that has been made or is about to be made, raising of the roadbed from four to five feet so as to put it beyond the flood waters of these streams in ordinary flood.

Now, the claim of the plaintiff is that when this is done substantially a material injury will result to his land. First, it will destroy about three acres of land, and about one hundred acres of land will be affected seriously and materially by reason of this improvement the commissioners are contemplating. If that be true there would certainly be a right of action in the plaintiff for damages against the county if such change were made.

We think the commissioners have the right to make the improvement contemplated, and they can not be enjoined from making it; but if substantial damage result to the plaintiff and his lands by reason of that change, the county must answer to the plaintiff in damages therefor; and the fact that there were or may have been damages allowed in the original appropriation

does not interfere with the plaintiff's right to maintain this action for damages occasioned by this contemplated improvement.

The general principle, we think, is very well settled in actions of this kind—in 33 Ohio State, p. 271, where the court lays down the rule and remedy to be followed. There is nothing appearing in this case showing that the remedy at law would be a complete and adequate one. There is no allegation here that the damages would be irreparable or an action at law inadequate.

We think this question is really settled in Ohio by the 50 Ohio State, p. 628; the allegations in the amended petition bring the case within the principle there recognized.

If it were necessary for the benefit of the public to have this embankment made, when by so doing the right of the plaintiff to have the water of these streams flow in their natural course will be interfered with to his damage, the county will be liable and would be required to make him whole for whatever injury is done him by reason of the change in the grade of this road.

Reading simply from the syllabus of the case, 50 O. S., p. 628:

"Where the grade of a public road has been established and the owner of abutting land has improved the same by erecting and maintaining buildings thereon with reference to such established grade and with reasonable reference to the prospective improvement of the road and its future enjoyment by the public, and where the board of county commissioners has improved the road by changing such established grade, an action for damages will lie in favor of the owner against the board of county commissioners, where, by such change of grade, the owner's free and safe passage from the road to and from his land and buildings thereon has been obstructed or impaired."

In the case in the 50 O. S., *supra*, the injuries arose from interference with the plaintiff's ingress and egress to his premises. We do not thnk there would be any difference in principle from that case than the one at bar. By changing the grade of this road the result is or will be that the flood waters of these streams before the improvement was made did no damage to the plaintiiff's land, but since the change the plaintiff's land has

been and will continue to be materially injured by the interference of the natural flow of the flood waters of these natural water-courses.

We think there is no question but the commissioners have the right to make the change or make the improvement, but they can not do it to the injury of plaintiff without answering in damages.

When they make the change for the benefit of the public, the public or county must answer in damages to the land owner whatever that may be. This case in the 50 O. S., *supra,* we think is useful and really determines the whole question as to the law of the case here involved.

There is a further principle recognized in this case that is useful, found in the concluding portion of the opinion at page 635, and is as follows:

"But it is urged in behalf of the defendant that the petition in the case sets forth a tort and that, therefore, the action is not maintainable against the board of county commissioners in their *quasi* corporate capacity. County commissioners have power to improve any state, county or township road or any part thereof, by grading, paving, graveling, planking or macadamizing the same. Rev. Stat., Section 4829. Having exercised the power granted by statute of changing the grade of the road or highway, for the purpose of improving the same, there is no claim that the work was done in a careless manner, and no question, consequently, arises of negligence in the discharge by the defendants of their official function. In their official capacity, as the representatives of the county having improved the road for the public benefit by changing its grade, the sole question involved, viz., that of compensation by the county to the owner of the adjacent lands, gives rise to the inquiry as to any personal wrong, neglect or default on the part of the commissioners."

The suit in the 50 O. S., *supra,* was a suit for damages, and the principle of law there recognized is in harmony with the case in 76 O. S., p. 529, and 82 O. S., 414, and as is held in 82 O. S.:

"A road supervisor and those working upon the road under his directions are, without regard to the motive which prompts

them, liable in compensatory damages for the diversion of water from its natural course casting it upon the lands of another, no right to make such diversion having been acquired by the public.''

Taking the view of the law we do in this case, we think the county commissioners in making this improvement, which is, or is supposed to be, for the benefit of the public, if they have changed the established grade of this highway whereby the flood waters are thrown in a different way and manner upon the plaintiff's lands, and thereby have substantially injured the plaintiff, he has a right of action at law for damages, and we think his right of action would be an adequate one, that he would be entitled to recover the full damage that he has sustained by reason of this act of the county commissioners; although it may be necessary in the interest of the public that it should be done, yet it can not be done to the injury of the plaintiff without answering to him in damages.

Therefore, believing there is an adequate remedy at law, the demurrer to the amended petition will be sustained, and if the plaintiff does not desire further to plead, the petition will be dismissed at the cost of plaintiff.    Exceptions.